UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO MOUZON,<br><br>  Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY,<br><br>  Defendant. | Case No. 24-cv-01907-DMR (PR)<br><br>**AMENDED** ORDER OF SERVICE |

## I. INTRODUCTION

Plaintiff Alfonso Mouzon, who is a civil detainee currently being held at the Coalinga State Hospital, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging Alameda County jail officials violated his constitutional rights when he was transferred for three months in 2021 to the Alameda County Jail ("ACJ"), where he was temporarily housed during the pendency of civil commitment proceedings against him under the Sexually Violent Predators Act, *see* Cal. Welf. & Inst. Code § 6600 et seq. ("SVPA"). Dkt. 12 at 4.[1]  This matter has been assigned to the undersigned Magistrate Judge. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. The operative complaint is the amended complaint. *Id.*

In his amended complaint, Plaintiff does not name any individual Defendants. *Id.* Instead, he names Defendant Alameda County in its official capacity as the "municipality responsible for the policies or the lack of policies, customs and practices guiding and governing on enforcing the conditions of confinement for [Sexually Violent Predators ("SVPs")] within the county jail." *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.* at 8.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at ACJ, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

From July through September 2021, Plaintiff was housed at ACJ while awaiting his civil

2

commitment proceedings.  Dkt. 12 at 4.

First, Plaintiff claims that Defendant Alameda County has a policy ("Policy") of failing to treat persons detained under the SVPA differently from the general prison population, in violation of his Fourteenth Amendment rights.  *See generally*, Dkt. 12; *see also Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) (discussing similar claims).  A civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive; a presumption of punitive conditions arises where such individual is detained under conditions identical or similar to, or more restrictive than, those under which pretrial criminal detainees are held, or where such individual is detained under conditions more restrictive than those he would face upon civil commitment.  *See Jones*, 393 F.3d at 934.  If the presumption applies, a defendant is allowed to demonstrate the existence of legitimate, non-punitive interests justifying the conditions under which the detainee was held, and to show the restrictions imposed were not excessive in relation to such interests.  *See id.* at 934-35.  Although not every objectionable condition or restriction to which a plaintiff is subjected as a civil detainee violates his federal constitutional rights, the allegations of Plaintiff herein, liberally construed, are sufficient to state a cognizable claim under section 1983 for denial of the protections to which he is entitled under the Due Process Clause.

Second, Plaintiff alleges that Defendant Alameda County is liable in its official capacity for instituting and abiding by the aforementioned Policy, which

> does not state, nor does any of the other policy, on how SVPs are to be treated, this makes the [Policy] deficient enough to cause violation of rights . . . [as it] has left custom and practice then to become the standard operating procedure on how SVP[s] are to be treated . . . [and] . . . these customs and practices do not hold up to the *Jones* . . . standard.

Dkt. 12 at 7.  There is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights.  *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Local governments, such as Defendant Alameda County, are "persons" subject to liability under section 1983 where official policy or custom causes a constitutional tort.  *See Monell*, 436 U.S. at 690.  To impose municipal liability under section 1983 for a violation of

constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. Sch. Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cnty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). Here, the court finds that, liberally construed, Plaintiff alleges facts showing unconstitutional conditions at the ACJ as well as the Policy, which he claims is the moving force behind the constitutional violation. *See generally* Dkt. 12. Therefore, the court finds that Plaintiff has stated cognizable policy-based claim against Defendant Alameda County under *Monell*. *See* 436 U.S. at 690.

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff states a due process and *Monell* claim against Defendant Alameda County.

2. **The Clerk of the Court shall send to Defendant Alameda County a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the operative complaint and all attachments thereto (dkt. 12), a copy of this Amended Order, and the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent.**

**The Clerk shall also send a copy of the operative complaint and a copy of this Amended Order to the Alameda County Counsel's Office. Additionally, the Clerk shall send a copy of this Amended Order to Plaintiff.**

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and operative complaint. **If service is waived, this action will proceed as if Defendant had been served on**

**the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.**

4. Defendant shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions:

a. No later than **sixty (60) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act should be raised by a defendant as

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the amended complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to

exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

       d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the court must be served on Defendant or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: October 15, 2025

DONNA M. RYU
Chief Magistrate Judge